UNITED STATES, Appellee

v.

JUDSON ANDREWS, Private E–2,
U. S. Army, Appellant

5 USCMA 66, 17 CMR 66

No. 4658

Decided October 15, 1954

CAPT William C. Irby, Jr., U. S. Army, MAJ Edwin Doran, U. S. Army, and 1ST LT Leslie D. Scharf, U. S. Army, for Appellant.

LT COL William R. Ward, U. S. Army, and 1ST LT Benjamin C. Flannagan, U. S. Army, for Appellee.

### Opinion of the Court

GEORGE W. LATIMER, Judge:

The accused was found guilty of wrongful use of a habit-forming narcotic drug, to-wit morphine, in violation of Article 134, Uniform Code of Military Justice, 50 USC § 728. He was sentenced to be dishonorably discharged from the service, to forfeit all pay and allowances, and to be confined at hard labor for three and one-half years. The convening authority reduced the period of confinement to two years, but otherwise approved the findings and sentence; and a board of review in the office of The Judge Advocate General of the Army affirmed. We granted ac-

cused's petition for review to determine whether the law officer erred in admitting evidence of an analysis of a urine specimen obtained from the accused, and whether the evidence is sufficient to sustain the conviction.

Briefly, the record shows that on September 30, 1953, the accused, who had been acting in a suspicious manner, was taken to the dispensary at Camp Fuji, Japan, where he was given a physical examination and requested by the medical officer to furnish a urine sample, which he did. After the chain of custody of the specimen bottle was established, a deposition of an expert toxicologist was received without objection by the defense. This evidence showed that an analysis of the urine specimen had revealed the presence of morphine alkaloids.

The accused took the stand in his own defense and, in response to questions by defense counsel, testified that he could not account for the presence of morphine in his urine; that he knew of no way in which it could have entered his system; and that he must have taken it by accident with "food or something." He then stated that the testimony of the prosecution witnesses as to the circumstances surrounding the procurement of the sample of urine was not completely true. While his story was not entirely consistent, in essence it was to the effect that no one from the Criminal Investigation Division had been present at the time; that the medical officer had ordered him to give the specimen; and that the officer had stated that if he refused to do as directed, he would be taken to the Criminal Investigation Division and its personnel would require him to furnish a specimen. On cross-examination the accused admitted the presence of needle injection marks on his arm but sought to explain them by stating that he had used some narcotics while in Korea, but had not used them since returning to Japan some three weeks prior to the time he was examined.

After this petition was granted, issues similar to those raised by accused were considered and ruled on by us. Our views on the first issue, which involves the violation of the privilege against self-incrimination, were developed fully in United States v. Williamson, 4 USCMA 320, 15 CMR 320, and were reaffirmed in United States v. Barnaby, 5 USCMA 63, 17 CMR 63, decided this date. The principles therein announced are controlling in this instance and they are adverse to the contentions herein advanced. We, therefore, rule against the accused on this issue.

The second issue challenges the sufficiency of the evidence to support the conviction, it being asserted that the scientific analysis of the urine specimen was unreliable. A like contention faced us in United States v. Barnaby, supra, and United States v. Ford, 4 USCMA 611, 16 CMR 185. In those cases the tests employed were identified, and we held them sufficiently reliable to support a finding that morphine was present in the urine. In the present case, the expert witness was not called upon to identify the particular type of tests which were performed by him. This may be accounted for by the trial tactics employed. Counsel for accused stipulated to the qualification of the expert and offered no objection to his conclusions. The theory of the defense was that the morphine had been inadvertently consumed by accused. The only element really disputed was the criminal intent. Under those circumstances, the record is sufficient to sustain the finding. Accordingly, the contentions of the accused on the second issue must likewise be overruled.

For the foregoing reasons, the decision of the board of review is affirmed.

Judge BROSMAN concurs.

QUINN, Chief Judge (dissenting):
I dissent upon the grounds set out in my dissenting opinion in United States v. Barnaby, 5 USCMA 63, 17 CMR 63, decided this date.